UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JORGE MARTINEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | Case No. 5:21-cv-00915-VAP-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On May 26, 2021, the Court received a document from Petitioner Jorge Martinez ("Petitioner") that appears to be an incomplete Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241, wherein Petitioner purports to be challenging sentences imposed on September 15, 2019 and November 18, 2019 in Case No. "10-0028M." Dkt. 1 ("Petition" or "Pet.").[1]

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C.

---

[1] Although Petitioner indicates he is not represented by counsel, the attorney signature line on the form habeas petition was signed by Randy Valdez. Pet. at 5.

§ 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and finds it is subject to dismissal for the reasons explained below.

First, the Petition does not clearly set forth the grounds upon which Petitioner seeks relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; further, the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, the Petition facially references four grounds for relief, which states: (1) "Why am I still here in (CDC) San Bernardino County"; (2) "Am I going to a federal prison"; (3) When am I going to be transferred"; and (4) "What is my release date?" Pet. at 2-3. In support of these purported grounds for relief, Petitioner asserts, "I been here 18 months and I want to know what is going on"; "[b]ecause my living conditions are hard and I want to be moved"; and "when is my fedral time is up." Id. Petitioner's vague questions are not

cognizable under Section 2241. There are no allegations that Petitioner is being unlawfully detained or that his constitutional rights have been violated. Petitioner's questions appear to be more appropriately addressed to the facility where he is currently incarcerated, not the United States District Court for the Central District of California. As such, the Petition falls far short of the minimal clarity required to proceed.

Second, Petitioner has failed to provide sufficient information in order for the Court to determine whether it has jurisdiction to consider this action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. Habeas corpus is not available to challenge an inmate's conditions of confinement unless the conditions impact the legality or duration of the confinement. See Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (explaining that "a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole" (citation and internal quotation marks omitted)); see also Greenhill v. Lappin, 376 F. App'x 757, 757-58 (9th Cir. 2010) (federal prisoner's claim that prison officials retaliated against him by mishandling his legal mail not cognizable in habeas corpus).

Petitioner indicates that he is currently incarcerated at the Central Detention Center in San Bernardino County and claims to be challenging one or more sentences imposed in Case No. "10-0028M." Pet. at 1. A review of the docket in Case No. 2:10-mj-00028 reflects that on January 7, 2010, a Criminal Complaint was filed against him in the Central District of California, alleging

3

that on or about December 12, 2009, Petitioner escaped from the custody of the United States Attorney General in violation of 18 U.S.C. § 751. United States v. Martinez, Case No. 2:10-mj-00028 (C.D. Cal.) ("Criminal Action"), Dkt. 1.[2] An arrest warrant was issued the same day. Id., Dkt. 2. Nine years later, on November 15, 2019, Petitioner was arrested. Id., Dkt. 3. Petitioner made his initial appearance on November 18, 2019, at which time the Government dismissed the case and Petitioner was "ordered to be returned to facility to finish his prison term." Id., Dkt. 4. As this case was dismissed on November 18, 2019, it is unclear what relief Petitioner is seeking on this action.

It may be that Petitioner is challenging the underlying federal conviction that resulted in his initial incarceration. Generally, challenges to the legality of a federal conviction or sentence must be made under 28 U.S.C. § 2255 in the sentencing court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Based on the information reflected in the Criminal Action, it appears that Petitioner was previously convicted of distribution of methamphetamine in violation of 21 U.S.C. § 841 in the United States District Court for the Northern District of California and sentenced to a term of 60 months on January 14, 2008. Criminal Action, Dkt. 1 (referencing United States v. Martinez, Case No. CR-07-522 (N.D. Cal.)). However, the Court does not have sufficient information to determine how much time, if any, remains on that federal conviction and/or whether Petitioner also faces state

---

[2] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

criminal charges. As currently framed in the Petition, it is unclear what conviction Petitioner is challenging, whether he is in state or federal custody, and what relief he is seeking by filing a Section 2241 petition.

Third, the Petition is incomplete, and Petitioner has failed to name a respondent. In particular, although Petitioner appears to have utilized the CDCA CV-27 habeas form, the face page of the Petition is missing, thus, omitting the caption page with respondent's name. Typically, the proper respondent for a Section 2241 petition is the custodian of the institution where the petitioner is incarcerated. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended).

Finally, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not alternatively file a completed application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The IFP Application submitted by Petitioner was not certified by the authorized officer at the institution where Petitioner is incarcerated and does not include a certified copy of his prisoner trust fund account statement or institutional equivalent as required by 28 U.S.C. § 1915(a)(2). Absent payment of the filing fee or authorization to proceed in forma pauperis, the action cannot proceed.

* * * *

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response <u>by no later than thirty (30) days from the date of this Order</u> which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiencies.

Instead of filing a written response to the matters addressed in this Order, <u>Petitioner may comply with this Order by filing both of the following within thirty (30) days from the date of this Order:</u>

1. A First Amended Petition that complies with 28 U.S.C. § 2241 and the Habeas Rules by, among other things, naming the proper respondent and setting forth in detail every ground on which Petitioner claims he is being held unlawfully; and
2. A properly prepared, certified, and supported IFP Application.

<u>The Clerk is directed to include a blank copy of the Court approved Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) form with a blank IFP Application.</u>

**The Court warns Petitioner that failure to timely file a compliant response to this Order will result in a recommendation that this action be dismissed for the reasons explained above and for failure to prosecute and comply with Court orders.** <u>See</u> Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: June 03, 2021

_____
JOHN D. EARLY
United States Magistrate Judge